### Richard LOVE, Jr., Petitioner–Appellant,

v.

### Frank MCCRAY, Superintendent, Livingston Correctional Facility, Respondent–Appellee.

No. 03–2307.

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

Barry M. Fallick, Rochman Platzer Fallick Sternheim Luca & Pearl, LLP, New York, New York, for Appellant.

Chelsea Chaffee, Assistant Attorney General (Robin A. Forshaw, Deputy Solicitor General for Criminal Matters, on the brief), for Eliot Spitzer, Attorney General of the State of New York, New York, New York, for Appellee.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD R. KORMAN,[1] District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on March 12, 2003, is hereby AFFIRMED.

Petitioner Richard Love, Jr. appeals the denial of his petition for a writ of habeas corpus, which sought to vacate his 1998 New York State conviction for second degree burglary, fourth degree larceny, and petit larceny on the ground that it was obtained in violation of his Sixth Amendment right to the effective assistance of counsel. Specifically, Love faults his trial counsel for failing to use a composite sketch to impeach a prosecution witness's in-court identification of him as the perpetrator of the charged crimes.[2] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Where, as in this case, a district court denies a writ of habeas corpus on the record developed in the state court, we review its ruling *de novo*. *See Anderson v. Miller*, 346 F.3d 315, 324 (2d Cir.2003). Like the district court, however, we accord deferential review to the state court's rejection of the petitioner's ineffective assistance claim on the merits. *See* 28 U.S.C. § 2254(d)(1). To secure habeas relief, petitioner "must do more" than convince this court that he satisfies the two-part standard for ineffective assistance claims established in *Strickland v. Washington*, 466 U.S. 668, 687–694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Bell v. Cone*, 535 U.S. 685, 698–99, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). "Rather, he must show that [the state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699; *see also Eze v. Senkowski*, 321 F.3d 110, 123–24 (2d Cir. 2003) (holding that New York standard for ineffective assistance announced in *People v. Baldi*, 54 N.Y.2d 137, 147, 444 N.Y.S.2d 893, 898, 429 N.E.2d 400 (1981), is "not contrary to *Strickland* under § 2254(d)(1)"). Love fails to satisfy this stern test.

*Strickland* itself establishes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. It imposes on a defendant the burden to "overcome the presumption that, under the circumstances, [counsel's] challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The presumption operates with particular force when the conduct at issue relates to counsel's conduct of cross-examination. "Decisions about 'whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature' and generally will not

---

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

2. This court's certificate of appealability also allowed Love to pursue a *Brady* challenge to his conviction based on a claim that the prosecution had improperly withheld the composite sketch from defense counsel. In his brief to this court, Love concedes that this argument lacks record support because the state court, after a hearing, specifically found that defense counsel had been provided with a copy of the composite sketch before trial. *See* 28 U.S.C. § 2254(e)(1) (requiring federal habeas court to accord a presumption of correctness to state court's factual determinations). Accordingly, we deem the *Brady* point waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

**50**

support an ineffective assistance claim." *Dunham v. Travis,* 313 F.3d 724, 732 (2d Cir.2002) (quoting *United States v. Nersesian,* 824 F.2d 1294, 1321 (2d Cir.1987)) (omission in original); *see also Eze v. Senkowski,* 321 F.3d at 132. This case presents no exception to this general rule.

The purported impeachment value of the composite sketch and its accompanying text was the suggestion that the prosecution's lead identification witness had provided an initial description of the burglar that differed in certain respects from Love's actual appearance. The record, however, demonstrates that defense counsel successfully elicited the fact of this discrepancy on his cross-examination of the witness without need for the sketch. Counsel's performance cannot be deemed objectively unreasonable because he failed to pursue cumulative impeachment. *See United States v. Stewart,* 433 F.3d 273, ——, 2006 U.S.App. LEXIS 271, at *105 (2d Cir.2006); *United States v. Wong,* 78 F.3d 73, 82 (2d Cir.1996).

*Berryman v. Morton,* 100 F.3d 1089 (3d Cir.1996), and *Harris v. Senkowski,* 298 F.Supp.2d 320 (E.D.N.Y.2004), relied on by Love, are not to the contrary. In those cases, counsel totally failed to cross-examine witnesses with respect to prior inconsistencies. Precisely because, in this case, counsel did establish the identification discrepancy for the jury through the witness's own testimony, Love cannot demonstrate that he was prejudiced by counsel's failure to make this same point through the composite sketch, regardless of whether that omission was a product of calculated strategy or negligent oversight. *See Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052. Indeed, Love's inability to demonstrate prejudice is reinforced by in-

dependent corroborative evidence that he was trespassing in the immediate vicinity of the burglary crime site at the relevant time. Much less can Love demonstrate that the state court's rejection of his ineffectiveness challenge was objectively unreasonable in light of *Strickland.*

The March 12, 2003 judgment of the district court is hereby AFFIRMED.